# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ROBERT JONES,**                                                                                       **PETITIONER**

**V.**                                               **NO. 4:05CV278-M-B**

**WARDEN PARKER, ET AL,**                                             **RESPONDENTS**

## O P I N I O N

This cause comes before the court on the petition of Robert Jones for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was convicted on January 31, 2005, in the Circuit Court of Washington County, Mississippi, of possession of marijuana with intent to distribute. He was sentenced to serve three years in confinement.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

Petitioner states that he filed a post-conviction action in the trial court under the Mississippi Uniform Post Conviction Collateral Relief Act (PCCRA), § 99-39-1, *et seq.*, Miss. Code Ann., and that this motion is still pending before the trial court. If petitioner is unsuccessful there he has the further right to appeal to the Mississippi Supreme Court. § 99-39-25(1) Miss. Code Ann. Until doing so, he has not "provide[d] the state's highest court with a fair opportunity to pass upon the

issues raised in the petition for federal habeas corpus relief," and therefore has not exhausted his state remedies. Consequently, his petition must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 23rd day of January, 2006.

                                            **/s/ Michael P. Mills**
                                        **UNITED STATES DISTRICT JUDGE**